STATE OF WEST VIRGINIA *v.* JOSEPH COX

(CC 468)

Submitted January 11, 1933.   Decided January 17, 1933.

*Paul E. Bottome,* for petitioner R. E. Cox.

LITZ, JUDGE:

This certificate involves the ruling of the trial court sustaining a demurrer to the petition of a surety in a "non-support" bond for release under chapter 6, article 2, section 15, Code 1931.

Joseph Cox, son of petitioner, R. E. Cox, was convicted, under chapter 73, Acts 1925, before the circuit court of Marshall county October 1, 1928, for non-support of his wife, Grace Cox, and required to pay her the sum of $15.00 monthly until further order of the court. The judgment also committed him to jail pending his execution of bond, with good and sufficient security, in the sum of $500.00 for payment of the monthly installments. On March 13, 1930, Joseph Cox, as principal, and petitioner as surety, executed bond in the penalty of $500.00 conditioned to pay Grace Cox $15.00 per month from October 1, 1928, until further order of the court.

The petition, filed June 29, 1932, alleges that the payments had been made, as required by the bond, to July 1, 1932; and offers to surrender the principal to the court.

Chapter 6, article 2, section 15 of the Code, provides:

"When a surety in an official bond, or his personal representative, shall have reason to believe that he or the estate of his decedent is likely to suffer pecuniary loss, in consequence of such suretyship, he may file his petition before the court, board or officer by whom such bond was approved, to be released therefrom. The petition shall state the ground upon which his belief is founded, and shall be verified by his affidavit. Upon the filing of such petition and proof that a notice of the time and place of filing the same has been served upon the principal in such bond at least ten days before the filing thereof, in the manner prescribed by law for the serving of notices, such court, board or officer shall require a new bond to be given. And if any officer, being so required, fail to give a new bond within the time required, his office shall be deemed vacant, unless the time for giving such new bond be extended or the requirement withdrawn. *And, except where otherwise provided, the surety in any bond, which is required to be approved by any court, board or officer, or the personal representative of any such surety, may be released from liability in like manner.*"

The statute authorizing release of a surety on an official bond was amended in chapter 54, Acts 1905, by extending the privilege to the surety in any bond "which is required to be approved by any court, board, or officer". The Code of 1931 amended the provision by limiting its application to cases in which it is not otherwise provided.

Under section 1, chapter 73, Acts 1925, any husband convicted of deserting or willfully neglecting or refusing, without just cause, to provide for the support and maintenance of his wife in destitute and necessitous circumstances shall be punished by fine not exceeding $500.00 or by imprisonment in the county jail not exceeding one year with hard labor, or both, "and the court may also direct the county court to cause such husband * * * to labor on the roads or other public improvements, for which it shall allow the sum of not less than one dollar nor more than two dollars per day" which shall be paid to the wife.

Under section 3, the justice of the peace before whom such conviction is had may, in lieu of such penalty or in addition thereto, require the defendant to pay a certain sum periodically to the wife and release him upon his entering into bond with good surety in the penalty of not less than five hundred dollars conditioned to make payments as aforesaid and to appear before the court in default thereof. It also provides that in default of the payments, the justice may forthwith rearrest defendant and proceed with the trial or sentence him under the original charge, as the case may be; and that the amount recovered upon enforcement of the bond may be, in the discretion of the court wherein the forfeiture is enforced, paid in whole or in part to the wife.

The bond being given for the release of defendant during such time as he shall pay the monthly installments, we do not think the liability of the surety is irrevocable, although such payments as may be in default should be required as a condition precedent to his release. It certainly cannot be said that the statute has "otherwise provided".

The ruling of the circuit court is, therefore, reversed, and the case remanded.

*Reversed and remanded.*